JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                              Date:  May 29, 2026

Title: Gouiric et al. v. FedEx Ground Package System, Inc. et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT [10]


Plaintiffs filed a Motion to Remand on May 11, 2026. Having reviewed the briefing from both parties, the Court **REMANDS** this matter back to San Bernardino Superior Court.

I.    **Background**

Plaintiff—Alfredo Gouiric—filed a Complaint (Dkt. 1-4) in the San Bernardino Superior Court on January 22, 2025. On December 3, 2025, Plaintiffs—Alfredo Gouiric and Alejandro Garcia—filed a First Amended Complaint ("FAC"). The FAC alleges nine causes of action against Defendants FedEx Corp., FedEx Ground, Kyle Stephens ("Stephens"), Salvador Salazar ("Sal"), and Jesus Almonte ("Almonte"): Age Discrimination, Harassment Based on Age, Harassment Based on Race, Ethnicity and/or National Origin, Harassment Based on Sex, Gender, and/or Sexual Orientation, Negligent Hiring, Supervision and Retention, Retaliation in Violation of the California Fair Employment and Housing Act ("FEHA"), Failure to Take All Reasonable Steps to Prevent and/or Remedy Discrimination, Harassment and/or Retaliation, Wrongful Termination in Violation of Public Policy, Intentional Infliction of Emotional Distress.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                                    Date: May 29, 2026

Page 2

Plaintiff—Garcia—is also bringing a cause of action for Violation of Labor Code §§ 226.7 & 512 and Waiting Time Penalties. Against Defendants Sal, Stephens, and Almonte, Plaintiffs are bringing a cause of action for Harassment based on Age, Harassment Based on Race, Ethnicity and/or National Origin, Harassment Based on Sex, Gender, and/or Sexual Orientation, and Intentional Infliction of Emotional Distress. (Dkt. 1-4).

Defendants removed the matter on January 23, 2026 (Dkt. 1). On May 11, 2026, Plaintiffs filed a Motion to Remand (Dkt. 10). Defendant, FedEx, filed its Opposition to the Motion to Remand on May 18, 2016 (Dkt. 11). Plaintiffs filed their Reply in support of their Motion to Remand on May 26, 2026 (Dkt. 12).

Plaintiff Gouiric was 54 years old, and Plaintiff Garcia was 47 years old on the last day of their employment. (Dkt. 1-4 at 5). Therefore, they were both protected members due to their age and under FEHA. *Id.* Both Plaintiffs were employed as maintenance technicians whose duties included the maintenance and repair of material handling systems. *Id.* at 4.

Gouiric was hired around August 30, 2021, and Garcia was hired around May 2021. *Id.* Sal was the supervisor in charge of the Plaintiffs and also worked as a local instructor at a local college. *Id.* at 5. Plaintiffs allege that they observed that FedEx was firing employees who were older than 40 years of age in the maintenance department and replacing them with younger employees who "consistently were students from Sal's 'local college' and 'less experienced and required additional training and supervision.'" *Id.* Plaintiffs also allege that two younger coworkers in the same department, Stephens and Almonte, harassed Plaintiffs because of their age and made comments which included "we need to get you out of here," "we are the new crew, you're the old crew." *Id.* In addition to age-based comments, Plaintiffs allege that Stephens, Almonte, and others in the same department made inappropriate race-based comments to Plaintiffs and their coworkers which included calling Gouiric a member of the "Arian Brotherhood." *Id.* at 6. Furthermore, Plaintiffs allege that Stephens and Almonte would make harmful and offensive comments directed at the Plaintiffs calling them words "queer", "fag", and "faggot." *Id.* at 6. Plaintiffs further allege that FedEx, including Sal, were aware of these comments and behavior yet did nothing to stop the offensive behavior. *Id.* at 7.

One incident on or about September 16, 2023, involved a photo of Plaintiff Gouiric that was sent to a group chat of FedEx employees. *Id*. at 8. In response to the photo, a coworker sent a message stating "that far [sic] piece of shit." *Id.* at 8. Numerous employees, including Stephens and Almonte reacted to the message with laughing emojis. *Id.* Plaintiff alleges that this conduct was extreme, outrageous, highly offensive to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                                    Date: May 29, 2026

Page 3

him, and was intentionally done to inflict emotional distress. *Id.* When Plaintiff spoke with a FedEx manager about the incident the manager refused to look at the texts and stated that he would speak to Stephens and Almonte about the incident. *Id.* at 9. A few days later, Plaintiff received a phone call indicating that he was suspended due to a pending investigation and was not told the subject of the investigation. *Id* at 9. While the suspension was "short-lived," Plaintiff alleges that FedEx was retaliating against him for reporting the unlawful harassment. *Id.*

In or around November 2023, Plaintiff was called into a meeting with his lead supervisor, Sal who asked about the harassment, but when Plaintiff tried to show Sal the harassing text chain Plaintiff alleges that Sal refused to look at the chain. *Id.* In addition to the meeting, Gouiric and other senior technicians complained to FedEx about the age-based discrimination. *Id.*

In or around December 2023, Gouiric received a call from the manager that he was suspended again pending further investigation. *Id.* While suspended, Plaintiff was informed that he was being investigated for failure to follow lockout/tagout procedures which Plaintiff contests were false. *Id.* Ultimately, Plaintiff was terminated on or about January 11, 2024. *Id.* at 10. Plaintiff alleges that Defendant terminated him in discrimination of his age and engagement in protected activity. *Id.*

Plaintiff Garcia alleges that he was forced to work through meal and rest breaks. *Id.* One incident involved the Plaintiff and some coworkers taking a slightly longer break to wash themselves and grab a brief bite to eat after working on dirty machines. *Id.* After the break Plaintiff and his two colleagues were reprimanded and Plaintiff received a written discipline. *Id.* The next day Sal called Plaintiff and suspended him for the week due to the incident. *Id.* However, his two colleagues, both younger and under the age of 40, were not suspended for the same alleged violation. *Id.* at 12. A few days later when Plaintiff called FedEx to ask when he could return to work, FedEx informed Plaintiff that he was terminated. *Id.* The two younger colleagues who also used the longer break were not terminated. *Id.* Plaintiff alleges that Defendant terminated him in discrimination on basis of his age. *Id.*

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                                        Date: May 29, 2026

Page 4

the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants". *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. A T & T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id.* Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v. Broido*, 358 Fed.Appx. 874, 876 (9th Cir. 2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                                    Date: May 29, 2026

Page 5

## III.    Discussion

At issue is whether complete diversity exists between Plaintiffs and Defendants. Plaintiffs' independent causes of action against Resident Defendants for harassment under FEHA and intentional infliction of emotional distress are viable causes of action under California law, so no federal question jurisdiction exists. Therefore, the issue is diversity jurisdiction.

There is no dispute that Plaintiffs are citizens of California and Defendants Salazar, Stephens, and Almonte are also California residents. (Dkt. 10 at 1). Defendant FedEx is attempting to invoke the narrow doctrine of fraudulent joinder arguing that Plaintiff failed to exhaust administrative remedies as to the Resident Defendants. *Id* at 1. Defendant FedEx alleges that the individual defendants were named in an effort to destroy diversity jurisdiction and prevent removal to federal court. *Id.* at 4.

Plaintiff Gouiric's original January 22, 2025 complaint with the California Civil Rights Department ("CRD") identified Stephens and "Jesus Unknown" — through investigation later identified as Defendant Almonte. *Id* at 2. Plaintiff also obtained an immediate Right-To-Sue notice. *Id.* The following day Plaintiff filed his original complaint in Court asserting FEHA harassment claims against Stephens and "Jesus Doe." *Id* at 3. The first CRD claimed that Plaintiff was harassed on the basis of his age and associated with a member of a protected class. *Id.* Plaintiffs later amended their CRD filings as additional facts and identities became known. *Id.* Gouiric's second CRD complaint, and Garcia's first, was filed immediately before the FAC was filed which alleged harassment on basis of age, ancestry, national origin, color, sex/gender, gender identity or expression, sexual orientation, age, race, etc. *Id.* The Plaintiffs have also articulated that any purported exhaustion defect is curable by amendment. *Id.*

The Court finds that at the present stage, Plaintiffs have plead with enough particularity to show that Salazar, Stephens, and Almonte are not fraudulent joinders. Plaintiffs have plead that Defendant's Stephens and Almonte mocked Plaintiffs because of their age and made comments including, "Why don't you retire" "We need to get you out of here,' and "Old Crew versus new crew." *Id.* at 4. Further Plaintiffs also alleged that Stephens and Almonte directed racial and homophobic slurs toward Plaintiffs and other employees in the workplace calling individuals "Queer" "Fag" and "Arian Brotherhood." *Id.* at 4. Additionally, the Plaintiffs alleges that Salazar, the Plaintiffs direct supervisor, personally witnessed the harassment, laughed at the conduct, and failed to intervene despite his authority over Plaintiffs and offending employees. *Id.* The Court finds that Plaintiffs have shown in this preliminary stage plausible claims against Defendants.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01783-DOC-ACCV                    Date: May 29, 2026

Page 6

Because Plaintiffs assert viable claims against Resident Defendants Salazar ("Sal"), Stephens, and Almonte, complete diversity of citizenship does not exist in this matter and remand is proper.

## IV.    Disposition

For the foregoing reasons, the Court **REMANDS** this action to San Bernardino Superior Court. Attorney fees will not be awarded. All future dates in this matter are **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: kdu

CIVIL-GEN